ZIMMERMAN v. HALL et ux.

No. 2636.

Court of Civil Appeals of Texas. Eastland.

June 25, 1948.

Rehearing Denied July 28, 1948.

C. O. McMillan, of Stephenville, for appellant.

Joseph A. Chandler, of Stephenville, for appellees.

LONG, Justice.

Plaintiffs (appellees here) are the owners of Lot No. 1 in Block No. 13, Shapard & Collins Addition in the town of Stephenville, and defendant (appellant here) owns Lot No. 9 in said block. This suit involves the title to a strip of land 100 feet long, 7 feet wide on the west and 6 feet wide on the east end alleged by plaintiffs to be located across the south side of Lot No. 1 and claimed by defendant to be located across the north side of Lot No. 9. The controlling question is the location on the ground of the true boundary line between said lots. Plaintiffs instituted this suit in trespass to try title and also sought an injunction requiring defendant to remove a fence which he had erected along the north line of said strip of land. Defendant answered by general denial, a plea of not guilty, a plea of ten years limitation and also alleged an agreed boundary line. The plaintiffs, by supplemental petition, alleged that the land was conveyed to them by deed from S. P. Stovall and wife on October 8, 1945, and that such land was marked by stakes fixing the southwest and southeast corners thereof which were placed there by the County Surveyor of Erath County prior to their purchase. They further alleged that they relied upon these stakes and that the land was in possession of their grantors and that they bought the same without any notice or knowledge of the claim of the defendant. They also alleged the five year statute of limitation. The jury found, in answer to special issues submitted, (1) that the lines surveyed by J. O. Yantis on July 20, 1946, was the true boundary line between the two lots; (2) that the lines surveyed by McKewn Johnson in the year 1920 was not the true boundary line between the two lots; (3) that the Stovalls and the Halls have been in peaceable and adverse possession of the land, paying taxes thereon under a deed duly registered, for a period of five years prior to June 9, 1946; (4) that Hall purchased the land in controversy from the Stovalls without notice that same was claimed by the owners of the lot to the south, being the lot subsequently acquired by Zimmerman; (5) that the Halls purchased the lot from Stovall relying upon the stakes in the southwest corner and the southeast corner thereof as marking the south boundary line of the land; (6) that Zimmerman and those through whom he deraigned title had not had adverse possession of the land under the ten year statute of limitations; (7) that there had been no agreement between Carl Pemberton and the predecessors in title of L. E. Hall fixing the boundary line as contended by defendant. Based upon the answers of the jury, the court entered a judgment in favor of the plaintiffs for the title and possession of the land and issued a mandatory injunction compelling the defendant to remove the fence erected on the north side thereof. From this judgment, the defendant has appealed.

Defendant contends, by points one and two, that the boundary line as con-

tended for by him was recognized for many years by owners of the respective lots; that the burden of proof was upon the plaintiffs to show that such boundary line was not so located and that they failed to discharge such burden in that the evidence of the surveyor employed by them and on whose testimony they relied, failed to show that he followed in the foot steps of the original surveyor who laid off and platted the addition in which the lots are located, and that the evidence conclusively established that the line as claimed by them was agreed to and acquiesced in by the owners of the lots for more than twenty-five years. The evidence discloses that Lot No. 1, owned by the plaintiffs, lies immediately north of Lot No. 9, owned by the defendant. The property lies in the northeast corner of Block No. 13 of the Shapard & Collins Addition to the City of Stephenville. The original surveyor who laid off the Shapard & Collins Addition was McKewn Johnson. It is further shown that in the year 1920 the lot out of the northeast corner of the block fronting 153 feet on Fry Street and running back with Paddock Street to a depth of 71 feet, was carved out of said Block No. 13. This was a part of original Lots 1 and 3 of this addition and was subsequently shown on King's Revised Map of Stephenville as Lot 1 of said Block. This lot of 153 feet by 71 feet, passed down by regular chain of title to S. P. Stovall, who thereafter, with his wife, conveyed the same to plaintiffs. It is not conclusively established that McKewn Johnson ran a boundary line between the lots in controversy. There is no record of any boundary line being fixed at the place contended for by defendant. If Johnson made a survey of the line between the lots, he made no record thereof. He was County Surveyor of Erath County at the time and if he surveyed the line, it was his duty to record the field notes in the Surveyor's Records. Article 5290. Until it was established that the line had been actually run on the ground, it was not necessary for plaintiffs to show that Yantis (the surveyor who fixed the boundary for plaintiffs) followed in the footsteps of the original surveyor. Further, it was not conclusively established that the parties entered into an agreement fixing the bound-

ary between the lots. At most, an issue of fact was raised on this question which was resolved by the jury against the defendant. J. O. Yantis, County Surveyor of Erath County, surveyed the boundary line between the lots on two occasions. The first survey was made on June 4, 1945, before plaintiffs bought the lot. The second survey was made by him on July 20, 1946. In making these surveys, Yantis testified that he availed himself of the records of the original survey and of the deeds on record showing conveyances of the lot in question. He testified that the true boundary line between the lots was located at the place contended for by plaintiffs. The jury found further that the line as surveyed by McKewn Johnson was not the true boundary line. The record shows that the beginning point of the east line of Lot No. 1 was the northeast corner of Block No. 13 running thence south for 71 feet along Paddock Street. The deed to Lot No. 9 showed the beginning point of the northeast corner of Lot No. 9 at the southeast corner of Lot No. 1, thence running south for 65 feet. Mr. Yantis, the County Surveyor, testified that he measured the east lines of Lots 1 and 9 and that he found all of the land there. In other words, it is his testimony that if the true boundary line is as contended for by the plaintiffs, that the defendant will still have his 65 feet as called for in his deed. On the other hand, if the boundary line is placed at the point claimed by the defendant, he will have 7 feet more at the west and 6 feet more at the east end of his lot than is called for in his deed. It is our conclusion that the testimony amply supports the jury's findings upon these issues and having the approval of the trial court, the same are binding upon us and we are unauthorized to disturb them.

By point 3, defendant contends that the court erred in refusing to render judgment in his favor for the reason that the uncontroverted evidence shows that the defendant's fence is on the line which was agreed on as the boundary line between the lots and that said agreement was made in settlement of an actual dispute between the predecessors in title of the respective parties more than twenty-five years prior to the filing of this suit. We do not agree with

this contention. We have carefully reviewed the testimony and it is our conclusion that it does not show a positive agreement between the parties as to the location of the boundary between the lots.

Carl Pemberton bought Lot No. 9 from Charles Neblett in 1919. At that time, Mrs. W. D. Bennett owned Lot No. 1. Mrs. Cowan, daughter of Mrs. Bennett, lived on Lot No. 1. After Carl Pemberton bought the property, he improved it by building a house and a garage thereon. Pemberton testified that when he got ready to build his garage, Mrs. Cowan told him not to start the garage until the line between the lots was established. He further testified that McKewn Johnson surveyed the line and drove a stake in the boundary line. That a hedge was planted along this line by Mrs. Pemberton. There is no showing that Mrs. Bennett, the owner of the property, had any connection with the matter or that she agreed in any way to the line as run by McKewn Johnson. The evidence does not conclusively establish that the line as contended for by the defendant was an agreed boundary line between the property.

■ By point 4, the defendant contends that the court erred in refusing to render judgment for him for the reason that the uncontroverted evidence shows that plaintiffs' claim is barred by the ten year statute of limitation. We do not agree with this contention.

H. O. Pemberton was the owner of Lot No. 9 (the property now owned by defendant) from 1924 to August 31, 1945, the date of his death. There is no evidence that H. O. Pemberton made any claim to the strip of land in controversy. There is evidence that C. C. Pemberton occupied Lot No. 9 as a tenant under H. O. Pemberton from 1926 to 1940. There is no showing that H. O. Pemberton authorized C. C. Pemberton to claim the land in dispute or ratified his action in claiming such land. The evidence raised an issue of fact which was found by the jury adversely to defendant's contention and we are bound by such finding.

■ By the fifth point, it is claimed the court erred in refusing to disregard the answer of the jury to special issue No. 4, finding that plaintiffs purchased the lot without notice of defendant's claim, since the uncontroverted evidence shows that defendant was in possession and the physical facts were such as to put defendant on notice of his claim. This was also a fact question. Mr. Stovall and wife, predecessors in title to the Halls, had operated a grocery store upon the land at this time owned by plaintiffs and from the testimony of Mrs. Stovall (Mr. Stovall being deceased) it was shown that they used all of the land involved herein at all times while they owned it and put the land to the use for which it was adapted. At the time the Halls bought the property from the Stovalls, the stakes. fixing the southeast and southwest corners of the lot were in the ground located on the line as contended for by the plaintiffs. The owner of Lot No. 9 made no objection to said stakes being so placed and made no claim to the land in controversy at that time. It was long after that time that defendant built his fence at the place where he claims the true boundary is situated. We think the evidence supports the jury's finding that plaintiffs purchased the lot without notice of any adverse claim.

■ It is our further conclusion that the evidence supports the jury's finding in favor of the plaintiffs as to their claim under the five year statute of limitation. There is evidence that the Stovalls and plaintiffs had peaceful and adverse possession of the property, using and enjoying the same and paying taxes thereon under deeds duly registered for more than five years, from 1940 to 1945.

■ As we view the record in this case, it was an issue of fact as to the true location of the boundary and all other questions as raised by the pleadings. The jury having resolved these facts in favor of the plaintiffs and the findings of the jury having support in the evidence, we are unauthorized to overturn them. We have carefully examined all points raised by the defendant and it is our conclusion that reversible error is not shown.

The judgment of the trial court is affirmed.